### Grace Self, Appellee, v. John Bull, Appellant.

1. PARTIES—*when complaint of joinder comes too late.* A party who has been joined in an action at law as party defendant thereto and who has pleaded to the merits of the action and has been benefited rather than otherwise by such joinder, cannot complain thereof.

2. PLEADING—*dilatory plea comes too late.* A dilatory plea comes too late after pleas in bar have been interposed.

3. LANDLORD AND TENANT—*what not defense to distress.* A plea alleging abandonment of a lien is in abatement of the action and comes too late after pleas in bar have been filed.

Distress for rent. Appeal from the County Court of Morgan county; the Hon. FRANCIS E. BALDWIN, Judge, presiding. Heard in this court at the November term, 1908. Affirmed. Opinion filed May 19, 1909.

WILLIAM N. HAIRGROVE, for appellant; R. W. MILLS, of counsel.

BELLATTI & BARNES, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by John Bull from a judgment rendered in favor of the plaintiff, Grace Self, in a proceeding of distress for rent. The controversy arises out of the following facts: The plaintiff, by a written lease dated November 28, 1906, rented to James McTee 240 acres of land for the crop season ending February 29, 1908. The rent for said term was $700, and was evidenced by a promissory note

maturing January 15, 1908. McTee failed to pay the note when due, whereupon the plaintiff, on January 21, 1908, delivered a distress warrant to one Lombard, who executed the same by levying upon, as the property of McTee, a lot of corn on the premises described in the lease, and also upon certain other corn then in crib on the farm of the defendant Bull, which Bull claimed to own. He placed the former corn in the custody of one Wiggs, and the latter in the custody of Bull. Two days thereafter McTee filed a voluntary petition in bankruptcy, and was duly declared a bankrupt. In his schedule of assets he included the corn upon the leased land which had been levied upon, but not that upon Bull's land.

A trustee in bankruptcy of McTee's estate was appointed and he took charge of the scheduled property. The plaintiff then filed in the bankruptcy court a claim for the rent due her, which was allowed and made a preferred lien upon the crops scheduled, which were the only scheduled assets of the estate, above exemptions. Such crops were afterward sold by the trustee under order of the bankruptcy court for $429.05, and the proceeds paid to the plaintiff. The distress warrant, together with the officer's return thereon, was then filed in the county court and summons issued against both McTee and Bull. To the distress warrant McTee filed the general issue and two special pleas. Demurrers were sustained to the special pleas, and a stipulation entered into that no personal judgment should be taken against McTee. The defendant Bull filed a number of special pleas, of which it is necessary to notice the following only.

The first special plea was in effect that the relation of landlord and tenant did not exist nor never had existed between Bull and the plaintiff; that no distress warrant was issued against him, and that he was not indebted to the plaintiff. The amended third additional plea alleged that after the supposed levy of the distress warrant, the plaintiff abandoned said levy

and gave up possession under the same and thereby waived any lien thereunder, and that the defendant Bull being then in possession of the crop located on his premises, fed the same to his cattle, and that no part of said crop was then in his possession. Demurrers were sustained to both pleas.

At the close of the evidence the court directed the jury to return a verdict for the plaintiff finding that there was due her as rent the sum of $700, which was accordingly done. The court then rendered judgment on the verdict for the plaintiff and against the corn in the possession of Bull, and ordered that special execution issue, but that only a sufficient amount of the corn be sold to pay the amount remaining due to plaintiff, after crediting whatever amount might thereafter be received by her from the trustee in bankruptcy of McTee upon the preferred claim for rent, and for costs of levy of the distress warrant. The evidence shows that afterward plaintiff received from said trustee in bankruptcy the sum of $469.95, which by order of court was credited upon the judgment, leaving due $230.05 and costs of suit.

It is first urged by the appellant that he was improperly joined as a defendant to the proceeding; that inasmuch as no privity of contract existed between him and the plaintiff, the demurrer to his first special plea should have been overruled. It is unnecessary to determine whether or not the statute warranted the issuance of summons against appellant; having pleaded to the merits by setting up ownership of the corn in controversy he is not now in a position to raise that question. Moreover, no personal judgment or liability was claimed or established against him. The only effect of summoning him was to give him notice of the plaintiff's claim to the corn, and he was benefited rather than injured thereby. This is also true as to the objection that the judgment rendered should have been personal instead of *in rem*.

Appellant further complains of the action of the

court in sustaining a demurrer to his third amended additional plea. The plea was, in effect, one in abatement, and if true was no defense to the merits of the action. The levy of the distress warrant did not create the lien but was simply a method of enforcing the same. It could have been abandoned and, under the statute, another distress warrant issued within the period of six months after the expiration of the term of the lease. The plea being dilatory was not properly pleaded after pleas in bar had been filed. The allegation of the plea that the corn had after the alleged abandonment been fed to cattle and was not in existence at the time of the rendition of the judgment, cannot be urged or taken advantage of by appellant, for the reason that he was appointed custodian and accepted the custody thereof and is estopped to deny that the same was by reason of his own act no longer in his possession.

The judgment is clearly right upon the merits and there being no prejudicial error in the record it is affirmed.

*Affirmed.*